[No. 15444. Department One. December 2, 1919.]

*In the Matter of the Estate of* SAM FELLIN.[1]

EXECUTORS AND ADMINISTRATORS (8) — RIGHT TO APPOINTMENT AS ADMINISTRATOR—NONRESIDENTS. A finding that a brother was not entitled to administer an estate because he was a nonresident is sustained, where he came to this state on learning of his brother's death and had resided here but five days when he filed his application.

SAME (15, 27)—PROCEEDINGS FOR LETTERS — REVOCATION — NOTICE. An application to revoke letters of administration and appoint the applicant must be made on notice, although the statute does not clearly so provide.

Appeal from an order of the superior court for King county, Hall, J., entered January 14, 1919, denying a petition for the appointment of an administrator and confirming a previous appointment, after a hearing before the court. Affirmed.

*Geo. Olson* and *William R. Bell,* for appellant.

*Carroll B. Graves,* for respondent.

MACKINTOSH, J.—Sam Fellin died November 1, 1918, leaving an estate consisting of personal property, and on November 22, 1918, one W. D. Merritt, a creditor, was appointed general administrator of the estate. Within fifteen days after such appointment, the appellant in this action, a brother of the deceased, filed a petition asking that the letters of administration issued to Merritt be revoked and that he be appointed general administrator of his brother's estate. The trial court, after hearing, denied the petition and confirmed the previous appointment of Merritt, holding that the appellant was a nonresident of the state of Washington, and therefore not qualified for appointment as administrator.

[1]Reported in 185 Pac. 604.

The testimony shows that the appellant, at the time of the death of his brother, was residing in Wyoming; that, learning of his brother's death, he came to Seattle, and had resided in that city for a period of five days prior to filing his petition, and three weeks prior to the hearing thereon for his appointment as administrator. An examination of the testimony satisfies us that it does not preponderate against the findings of the trial court, and that consequently the appellant is not entitled to letters.

For another reason, also, his petition was properly dismissed, and that is, that the appellant did not give notice of his application for appointment. Although our statute does not clearly establish the procedure, it must be that notice of the petition be given in order for the court to appoint an administrator and remove another who has theretofore been appointed.

For both these reasons, the order of the superior court is affirmed.

HOLCOMB, C. J., MITCHELL, PARKER, and MAIN, JJ., concur.